IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-775-D

ANDREA C. WEATHERS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
THE UNIVERSITY OF NORTH )
CAROLINA at CHAPEL HILL, et al., )
)
Defendants. )

On August 16, 2016, Dr. Andrea C. Weathers ("Weathers" or "plaintiff"), proceeding pro se, filed a complaint against the University of North Carolina at Chapel Hill (the "University"), four current or former University employees, Herbert B. Peterson, Jonathan Kotch, Barbara K. Rimer, and Sandra L. Martin (collectively, the "University defendants"), and two attorneys, Gregory Connor and Thomas Ziko (collectively, "defendants") in Wake County Superior Court [D.E. 1-1]. Weathers asserts claims for relief relating to her past employment with the University and prior litigation involving all parties to this action. On August 29, 2016, all defendants except Connor timely removed the action to this court [D.E. 1].

All defendants now move to transfer the case to the United States District Court for the Middle District of North Carolina [D.E. 12, 28]. Weathers opposes any transfer of venue [D.E. 23, 30]. On October 11, 2016, all defendants except Connor moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (6) [D.E. 31]. Plaintiff seeks permission to file electronically [D.E. 17] and "a complete copy of Plaintiff's record on file in the Wake County Superior Court" [D.E. 21]. As discussed below, the court grants defendants' motions to transfer venue to the Middle District of North Carolina.

I.

Weathers was employed by the University as "an Assistant Professor in the MCH Department in the UNC Gillings School of Global Public Health." Compl. [D.E. 1-1] ¶ 1.

> In 2010, Weathers . . . brought various racial discrimination claims against the University [and University defendants] for denying her reappointment and tenure. Weathers was represented by attorney Gregory S. Connor. Her claims were dismissed at summary judgment. Weathers v. Univ. of N.C. at Chapel Hill (Weathers I), No. 1:08CV847, 2010 WL 4791809, at *1 (M.D.N.C. Nov. 18, 2010). She appealed, and the Fourth Circuit affirmed the dismissal in an unpublished, per curiam opinion. 447 F. App'x 508 (4th Cir. 2011).
>
> In 2013, Weathers filed a pro se complaint against the University, Peterson, Kotch, Rimer, and Martin. The action brought seven claims, including a request to set aside the Weathers I judgment for alleged fraud on the court under Federal Rule of Civil Procedure 60(b) and an independent action in equity. Weathers also brought various State law tort claims, as well as claims for constitutional violations. Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all the claims. Weathers then retained her attorney from Weathers I, Connor, to oppose the motion. Ultimately, the district court found no fraud on the court and dismissed all claims. Weathers v. Univ. of N.C. at Chapel Hill (Weathers II), No. 1:12CV1059, 2013 WL 5462300, at *8 (M.D.N.C. Sept. 30, 2013). Weathers then moved the court to reconsider its Judgment pursuant to Federal Rule of Civil Procedure 59. That motion was denied by the court. Weathers v. Univ. of N.C. at Chapel Hill, No. 1:12CV1059, 2014 WL 198216 (M.D.N.C. Jan. 15, 2014). Weathers appealed these rulings pro se, and the Fourth Circuit again affirmed by an unpublished, per curiam opinion. 578 F. App'x 300 (4th Cir. 2014).

Weathers v. Ziko, 113 F. Supp. 3d 830, 831–32 (M.D.N.C. 2015) ("Weathers IV"), aff'd, 648 F. App'x 350 (4th Cir. 2016) (per curiam) (unpublished); see Compl. ¶¶ 9–15.

In 2014, proceeding pro se, Weathers filed a fourth complaint which "provided the District Court with evidence of the involvement of Attorney-Defendants Ziko and Connor in the fraud, as well as evidence of their misconduct in an effort to conceal their involvement in the fraud from both the Court and Plaintiff (by Mr. Connor)" in the prior lawsuits. Compl. ¶ 15; see Weathers IV, 113 F. Supp. 3d at 832. On June 25, 2015, the court dismissed the action. See Compl. ¶ 21; Weathers IV, 113 F. Supp. 3d at 833. On May 16, 2016, the United States Court of Appeals for the Fourth Circuit affirmed. See Compl. ¶ 22; Weathers v. Ziko, 648 F. App'x 350 (4th Cir. 2016) (per curiam) (unpublished)

2

In this action, Weathers alleges claims of wrongful discharge related to her 2007 "participation in the application process for tenure" and further alleges "that during Weathers I and II, Defendants Ziko and Connor intentionally suborned perjury and concealed material evidence" relating to her employment-discrimination claims. Compl. ¶¶ 27–42.

Defendants ask this court to transfer the action to the United States District Court for the Middle District of North Carolina. "When an action is removed to federal court, the removal statute (28 U.S.C. § 1441), rather than general venue statute (28 U.S.C. § 1391), governs the issue of venue." Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493 (E.D.N.C. 2006); see Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953); see Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co., 958 F. Supp. 2d 609, 613 (D. Md. 2013). Under 28 U.S.C. § 1441, "the only question that must be answered to determine the propriety of venue is whether removal was effectuated to the district court 'for the district and division embracing the place' where the suit was filed originally." Am. Ins. Mktg. Corp., 958 F. Supp. 2d at 613. "Thus, when the action was properly removed to this court, venue was proper in this court." Jenkins, 464 F. Supp. 2d at 493.

Nevertheless, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); see Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). "[T]he question of transfer under section 1404(a) is committed to the sound discretion of the district court." Jenkins, 464 F. Supp. 2d at 493. Additionally, "the Fourth Circuit has held that transfers can be made under section 1406(a) even if venue (as here) is proper in the transferor court." Id. at 494; see Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988).

The court has considered the motions to transfer under the governing standard. See, e.g., Plumbing Servs., Inc., 791 F.3d at 444–45; Porter, 840 F.2d at 258; Szulik v. TAG V.I., Inc., 858 F. Supp. 2d 532, 547–48 (E.D.N.C. 2012); Jenkins, 464 F. Supp. 2d at 493–94. First, personal

3

jurisdiction and venue would have been proper in the Middle District of North Carolina; therefore, plaintiff could have sued all defendants in that court. Next, the court has considered the record and the relevant factors, including "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Plumbing Servs., Inc., 791 F.3d at 444. Only the first factor—plaintiff's choice of venue—weighs against transfer. Thus, having reviewed the entire record, the court grants defendants' motions to transfer venue.

II.

In sum, the court GRANTS defendants' motions to transfer the action to the United States District Court for the Middle District of North Carolina [D.E. 12, 28], and the action is transferred to the United States District Court for the Middle District of North Carolina. All other motions remain pending. The Middle District of North Carolina is better positioned to resolve those motions.

SO ORDERED. This **20** day of March 2017.

JAMES C. DEVER III
Chief United States District Judge